FILED '09 JUL 29 12:19 USDC-LAE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JENNIFER M. MEDLEY

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF JUSTICE

CIVIL ACTION NO.:

**09-4570**

SECTION

**SECT. J MAG. 3**

MAGISTRATE

**JURY TRIAL DEMANDED**

## COMPLAINT

The complaint of Jennifer M. Medley, an African-American female of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana within the Eastern District of Louisiana, respectfully avers as follows:

1. Made defendant herein is the State of Louisiana, Louisiana Department of Justice, Office of the Attorney General, a political subdivision of the State of Louisiana.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, jurisdiction is proper pursuant to 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTS

3. On July 7, 2004 Plaintiff Jennifer M. Medley (Medley) began working for Defendant Louisiana Department of Justice (LDJ) at its office in New Orleans. At all times pertinent hereto Medley worked well and to the satisfaction of her employer, the LDJ. Medley has had

Fee 350
✓ Process
X Dktd
___ CtRmDep
___ Doc. No

1

significant and sustained success as a trial attorney there and has earned the respect both of her colleagues at the LDJ and those attorneys she has opposed in court.

4. At the time she was hired, Medley was provided with a copy of LDJ's Policy and Procedure Manual. The manual expressly provides that "all full time employees will receive an Annual Performance Appraisal, which is an evaluation of the individual's work performance." The first evaluation was to be completed shortly before the end of an employee's six-month probationary period. Annual performance appraisals were to be performed thereafter. However, when Medley requested her first evaluation, her request was denied. She has never been formally evaluated by the LDJ despite the fact that she has been employed continuously for a period of almost five years. To her knowledge, no attorneys in the New Orleans office of the LDJ have ever received an Annual Performance Appraisal.

5. Medley is also unaware of any type of formal process implemented by the LDJ in New Orleans for awarding merit raises. Incoming salaries and raises are, and have been, based on purely arbitrary and subjective factors which are motivated wholly, or at least in part, by the race and/or gender of the attorney who is seeking employment or seeking a salary increase.

6. When Medley interviewed for her job, her last salaried employment as an attorney was at an annual salary of $40,000.00. The LDJ paid Medley $40,000.00 her first year. White attorneys, both male and female were subsequently brought in at higher salaries or were quickly given raises. Despite her demonstrated competence, Medley received no significant raises.

7. Medley first attempted to resolve this matter without the intervention of the EEOC by tactfully requesting a salary increase on several occasions through official channels; then by retaining an attorney and requesting a personal meeting with the Attorney General for the specific purpose of addressing her concerns. For four months, the Attorney General made no response to this request, but instead Mr. Robert Harroun, Director for the Litigation Division for the DOJ, stated by letter that he would complete a comprehensive study of salaries by the end of September 2008. To date, no such study has been completed or even begun, nor did the Attorney General ever offer to meet with Medley personally or by deputy. The LDJ has never, at any time, suggested any resolution of the pay issue.

8. Medley filed a Charge of Discrimination with the EEOC on November 3, 2008. More than 180 days passed without investigation, and the U.S. Department of Justice issued its Notice of Right to Sue on May 28, 2009. Medley timely files this Complaint.

## DAMAGES

9. As a result of the actions of the LDJ, Medley has suffered and continues to suffer damages in the following, non-exclusive respects:

   a.   lost back pay including benefits; front pay including benefits;

   b.   mental anguish including vexation and worry in connection with the filing of this suit, loss of professional reputation and loss of enjoyment of life;

   c.   prejudgment interest;

   d.   punitive damages;

   e.   attorney's fees and costs of these proceedings;

3

f.      any and all injunctive and equitable relief available to Medley under the law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Jennifer M. Medley prays that this, his Complaint, be cited and served on Defendant Department of Justice, Office of the Attorney General (LDJ), that the LDJ be required to answer same, and, after due proceedings had, that judgment be rendered in her favor and against LDJ for an amount supported by the evidence; for appropriate injunctive relief including a mandatory injunction directing the LDJ to cease and desist from pursuing discriminatory wage practices based on race and/or gender; for front pay and benefits and back pay and benefits, for consequential monetary losses, and for such additional equitable and legal relief as deemed appropriate, proper and just by this Court, and for costs including reasonable attorney's fees, and for legal interest from the date of judicial demand according to the law of the State of Louisiana.

Plaintiff Jennifer M. Medley further prays for a trial by jury on all issues so triable.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
mailto:dale@daleslaw.com

James M. Williams, Bar #26141
Gauthier, Houghtaling, & Williams, L.L.P
3500 N. Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600

4

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 27th day of July 2009.

*Jennifer M. Medley*
JENNIFER M. MEDLEY