UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER MEDLEY** | **CIVIL ACTION** |
| | **DOCKET NO. 09-4570-CJB-DEK** |
| **VERSUS** | |
| | **JUDGE CARL BARBIER** |
| **LOUISIANA STATE** | |
| **DEPARTMENT OF JUSTICE** | **MAGISTRATE JUDGE** |
| | **DANIEL E. KNOWLES, III** |

**STATEMENT OF UNCONTESTED FACTS**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Louisiana Department of Justice, pursuant to Local Rule 56.1, who offers the following statement of material facts as to which there is no genuine issue to be tried:

1. Plaintiff Jennifer Medley is an attorney, licensed to practice law in the State of Louisiana, having graduated from Southern University Law Center in May 2002 and having been admitted to practice in Louisiana in October 2002.

2. Plaintiff began working for the Louisiana Department of Justice in July 7, 2004. She was hired as an Assistant Attorney General at the starting salary of $40,000.00.

3. Employment decisions within the Department of Justice, such as hiring and compensation, are made on an individualized basis, taking into account specialization, expertise, experience, market factors, productivity, departmental needs, personality, work ethic and budget limitations.

4. There are no fixed employee categories within the Department of Justice.

5. The Louisiana Attorney General has discretion to give salary increases.

6.  On September 12, 2005, all Department of Justice employees received a department-wide salary increase, including Plaintiff, whose salary increase in the amount of $1,999.62 (or 5%) raised her salary from $40,000.22 to $42,000.14.

7.  On August 28, 2006, all Department of Justice employees received a department-wide salary increase, including Plaintiff, whose salary increase in the amount of $1,680.12 (or 4%) raised her salary from $42,000.14 to $43,680.26.

8.  On July 1, 2007, all Department of Justice employees received a department-wide salary increase including Plaintiff, whose salary increase in the amount of $1,497.60 (3%) raised her salary from $43,680.26 to $45,177.86.

9.  On August 27, 2007, all Department of Justice employees received a department-wide salary increase including Plaintiff, whose salary increase in the amount of $1,806.74 (4%) raised her salary from $45,177.86 to $46,984.60.

10. On April 7, 2008, all Department of Justice employees received a department-wide salary increase, including Plaintiff, whose salary increase in the amount of $3,015.48 (6%) raised her salary from $46,984.60 to $50,000.08.

11. On April 22, 2008, plaintiff submitted a request for a salary increase styled as a "cost of living adjustment" in which she requested an increase from her then-salary of $50,000.00 to $60,000.00.  However, plaintiff's request for salary increase contained no merit-based justification for the requested increase, nor did it suggest any disparity in pay based on either race or gender.

12.     During her employment with the Department of Justice, plaintiff received no salary increases based on meritorious work performance, as her performance had not warranted additional salary increases above and beyond department-wide salary increases.

13.     During her five year period of employment with the Louisiana Department of Justice, Plaintiff received at least one department-wide or "across the board" salary increase every year, resulting in a cumulative increase in her level of pay of twenty-five (25%) percent at the time of her separation from the Department.

14.     On November 3, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, alleging that she was paid less than similarly situated employees and that she believed that she was being discriminated against on the basis of race and gender.

15.     On November 4, 2008, the EEOC issued a Notice of Charge of Discrimination.

16.     On December 3, 2008, the Department of Justice responded to the EEOC charge, denying that plaintiff was paid less than similarly situated employees and denying that plaintiff had been discriminated against on the basis of race or gender.

17.     On May 28, 2009, the EEOC issued a Notice of Right to Sue to Plaintiff.

18.     On August 26, 2009, Plaintiff submitted a letter of resignation, voluntarily terminating her employment with the Louisiana Department of Justice, effective September 4, 2009.

19. Plaintiff's last date of employment with the Louisiana Department of Justice was September 4, 2009.

20. Phyllis E. Glazer, a white female, is employed as an Assistant Attorney General in the New Orleans Litigation Division of the Department of Justice.

21. Raquelle "Kelly" Badeaux-Phillips, a white female, is employed as an Assistant Attorney General in the New Orleans Litigation Division of the Department of Justice.

22. Anthony Winters, a black male, is employed as an Assistant Attorney General in the Gaming Division of the Department of Justice.

23. Matthew Derbes, a white male, is employed as an Assistant Attorney General in the Criminal Division of the Department of Justice.

24. Michael Menasco, a white male, is employed as an Assistant Attorney General in the New Orleans Litigation Division of the Department of Justice.

25. John Sudderth, a white male, is employed as an Assistant Attorney General in the New Orleans Litigation Division of the Department of Justice.

26. Tanya Irvin, a black female, is employed as an Assistant Attorney General in the New Orleans Litigation Division of the Department of Justice.

27. Plaintiff has not identified a single "similarly-situated" LDOJ employee who "performs substantially the same job" and whose salary was higher than plaintiff's.

28. Plaintiff has not demonstrated that LDOJ engaged in discriminatory practices, including but not limited to, disparate pay based on race or gender.

29. Defendant has articulated legitimate, non-discriminatory reasons for determining the compensation levels of its employees, including but not limited to, the plaintiff herein.

30. Plaintiff has not demonstrated that defendant's legitimate, non-discriminatory reasons for determining the compensation levels of its employees are pretextual.

Respectfully Submitted:

**JAMES D. "BUDDY' CALDWELL
ATTORNEY GENERAL**

**CLAYTON & FRUGE**
ANTONIO M. CLAYTON, Bar Roll #21191
Special Assistant Attorney General
607 N. Alexander Avenue
Port Allen, Louisiana 70767
Telephone:  (225) 344-7000
Facsimile:   (225) 393-7631
tclayton@aol.com
**--and---**

**SHOWS, CALI, BERTHELOT & WALSH, LLP**

 /s Amy L. McInnis_____
E. Wade Shows, La. Bar Roll No. 7367
Amy L. McInnis, La. Bar Roll No. 29337
*Special Assistant Attorneys General*
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile:  (225) 346-1467
ews@scbllp.com
amym@scbllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

*s/ Amy L, McInnis*
**Amy L. McInnis**