# FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS – CIVIL

## 2006

**Prepared by the Committee on Pattern Jury Instructions**
**District Judges Association - Fifth Circuit**
**Judge Martin C. Feldman, Chairman**

Summary of Contents

| | |
|---|---|
| 1.1 | Preliminary Instructions |
| 2.1 | First Recess |
| 2.2 | Stipulated Testimony |
| 2.3 | Stipulations of Fact |
| 2.4 | Judicial Notice |
| 2.5 | Discontinuance as to Some Parties |
| 2.6 | Publicity During Trial |
| 2.7 | Bench Conferences and Recesses |
| 2.8 | Demonstrative Evidence |
| 2.9 | Witness Not Called |
| 2.10 | Similar Acts—Cautionary Charge |
| 2.11 | Duty to Deliberate |
| 2.12 | Instructions on Deliberation |
| 2.13 | Bias—Corporate Party Involved |
| 2.14 | Clear and Convincing Evidence |
| 2.15 | Limiting Instruction |
| 2.16 | Impeachment by Witnesses' Inconsistent Statements |
| 2.17 | Impeachment by Witnesses' Felony Conviction |
| 2.18 | Consideration of the Evidence |
| 2.19 | Expert Witnesses |
| 2.20 | Burden of Proof When Only Plaintiff Has Burden |
| 2.21 | Use of Notes Taken by Jurors |
| 2.22 | Cautionary Instruction on Damages |
| 2.23 | Deposition Testimony |
| 3.1 | General Instructions for Charge |
| 4.1 | Seaman Status |
| 4.2 | Vessels |
| 4.3 | Jones Act—Unseaworthiness—Maintenance and Cure—Loss of Society (Seaman Status Not Contested) |
| 4.4 | Jones Act—Negligence |
| 4.5 | Unseaworthiness |
| 4.6 | Causation |
| 4.7 | Contributory Negligence |
| 4.8 | Damages |
| 4.9 | Loss of Society |
| 4.10 | Punitive Damages |
| 4.11 | Maintenance and Cure (Appended to Jones Act--Unseaworthiness Claims) |
| 4.12 | Loss of Future Earnings (Replacement for Culver II) |
| 4.13 | Section 905(b) Longshore and Harbor Worker's Compensation Act Claim |
| 5.1 | Federal Employers Liability Act (45 U.S.C. Section 51 et seq.) |
| 5.2 | Federal Safety Appliance Act (45 U.S.C. Section 1 et seq.) |
| 6.1 | Sherman Act (Section 1—Per Se Violation) |
| 6.2 | (Section 1—Per Se Violation) |
| 7.1 | Securities Act |

| | |
|---|---|
| 8.1 | RICO Claims |
| 9.1 | Patent Infringement |
| 9.2 | Patent Validity |
| 9.3 | Anticipation by Prior Art |
| 9.4 | Prior Art |
| 9.5 | Non-Obviousness |
| 9.6 | Lack of Utility |
| 9.7 | Damages |
| 9.8 | Reasonable Royalty |
| 9.9 | Lost Profits |
| 9.10 | Willful Infringement |
| 9.11 | Damages May Not Be Punitive or Speculative |
| 10.1 | 42 USC Section 1983 (Unlawful Arrest--Unlawful Search--Excessive Force) Qualified Immunity—Good Faith Defense |
| 10.2 | Alternative Excessive Force Section 1983 Jury Charge |
| 10.3 | Civil Rights—42 USC Section 1983 (Superior Officers and Municipalities) |
| 10.4 | Civil Rights—42 USC Section 1983 (Adverse Employment Decision—Exercise of First Amendment Rights) |
| 10.5 | Eighth Amendment (Excessive Force) |
| 10.6 | Eighth Amendment (Inadequate Medical Care) |
| 10.7 | Eighth Amendment (Conditions of Confinement) |
| 11.1 | Fair Labor Standards Act (29 U.S.C. Sec. 216) |
| 11.3 | Employee's Claim Against Employer and Union Introductory Instruction |
| 11.4 | Committee Introduction to Supervisor Sexual Harassment Charges |
| 11.4.1 | Title VII—Sex Discrimination—Supervisor Sexual Harassment Without Tangible Employment Action (Hostile Work Environment) |
| 11.4.2 | Title VII—Sex Discrimination—Supervisor Sexual Harassment Resulting in Tangible Employment Action (Quid Pro Quo) |
| 11.4.3 | Title VII—Sex Discrimination—Co-Worker/Direct and Nondirect Supervisor/Third-Party Sexual Harassment (Hostile Work Environment) |
| 11.5 | Committee Introduction to Title VII Discrimination—Disparate Treatment and Non-Sexual Harassment |
| 11.5.1 | Title VII—Discrimination—Disparate Treatment—Race/Color/Religion/Gender/National Origin |
| 11.5.2 | Title VII—Discrimination—Non-Sexual Harassment—Supervisor Harassment Without Tangible Employment Action (Hostile Work Environment) |
| 11.5.3 | Title VII—Discrimination— Non-Sexual Harassment— Co-Worker/Direct or Non-Direct Supervisor/Third-Party Harassment (Hostile Work Environment) |
| 11.6 | Committee Introduction to Title VII Retaliation |
| 11.6.1 | Title VII—Retaliation |
| 11.7 | Committee Introduction to the Americans With Disabilities Act |
| 11.7.1 | ADA—Disability Discrimination |
| 11.7.2 | ADA—Failure to Accommodate |
| 11.7.3 | ADA—Disability Harassment—Co-Worker/Direct and Non-Direct Supervisor/Third-Party Disability Harassment (Hostile Work Environment) |
| 11.7.4 | ADA—Business Necessity Defense |
| 11.7.5 | ADA—Direct Threat Defense |
| 11.8 | Title VII and ADA Damages |
| 11.9 | Committee Introduction to the Age Discrimination in Employment Act |
| 11.9.1 | ADEA—Disparate Treatment |
| 11.9.2 | ADEA—Willful Violations |
| 11.9.3 | ADEA Harassment |
| 11.9.4 | ADEA—Damages |
| 11.10 | Committee Introduction to the Family and Medical Leave Act |
| 11.10.1 | FMLA—Interference With Leave Rights |

| | |
|---|---|
| 11.10.2 | FMLA—Interference—Denial of Benefits or Job Restoration |
| 11.10.3 | FMLA—Discrimination and Retaliation |
| 11.10.4 | FMLA—Damages |
| 11.11 | Committee Comments on Mixed Motives Instruction |
| 11.11.1 | Mixed Motives Instruction |
| 12.1 | Reasonable Compensation to Stockholder-Employee |
| 12.2 | Debt vs. Equity |
| 12.3 | Employee vs. Independent Contractor |
| 12.4 | Business Loss vs. Hobby Loss |
| 12.5 | Real Estate Held Primarily for Sale |
| 12.6 | Section 6672 Penalty |
| 12.7 | Gifts in Contemplation of Death |
| 13.1 | Automobile Dealers Day-In-Court Act (15 U.S.C. Section 1221) |
| 13.2 | Odometer Requirements, Motor Vehicle Information and Cost Savings Act (15 U.S.C. Section 1981) |
| 13.3 | Eminent Domain |
| 13.4 | Interstate Land Sales Full Disclosure Act (15 U.S.C. Section 1709) |
| 14.1 | Statute of Limitations Defense |
| 15.1 | Consider Damages Only If Necessary |
| 15.2 | Compensatory Damages |
| 15.3 | Calculation of Past and Future Damages |
| 15.4 | Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life |
| 15.5 | Aggravation or Activation of Disease or Defect |
| 15.6 | Medical Expenses |
| 15.7 | Lost Earnings/Time/Earning Capacity |
| 15.8 | Spouse's Loss of Consortium and Services |
| 15.9 | Parent's Loss of Child's Services, Earnings, Earning Capacity |
| 15.10 | Property Damage |
| 15.11 | Wrongful Death—Estate Damages |
| 15.12 | Wrongful Death—Survivors' Damages |
| 15.13 | Punitive Damages |
| 15.14 | Multiple Claims—Multiple Defendants |
| 15.15 | Mitigation of Damages |

Court's Instruction No. ___
11.5

## 11.5 COMMITTEE INTRODUCTION TO TITLE VII DISCRIMINATION—DISPARATE TREATMENT AND NON-SEXUAL HARASSMENT

Although sexual harassment claims are the most prevalent among the Supreme Court's Title VII opinions in recent years, Title VII also prohibits discrimination and harassment based on the other protected categories set forth in Title VII—race, color, religion, national origin, and gender. Title VII discrimination claims typically involve adverse or tangible employment actions such as hiring and firing, demotion, and decisions concerning pay, that are taken allegedly because of the employee's protected trait (i.e., race, color, religion, gender, or national origin).

Before employees had a right to a jury trial under Title VII, the Supreme Court established a careful shifting of burdens for these cases. The burden-shifting framework was set out by the Supreme Court in *McDonnell Douglas Corp. v. Green* and *St. Mary's Honor Center v. Hicks*. Under this framework, a plaintiff must first establish a prima facie case of discrimination. If the plaintiff succeeds in making this prima facie showing, the plaintiff raises a rebuttable presumption of discrimination by a preponderance of the evidence.

At this point, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. The employer's burden is one of production only—the employer must produce evidence that, if ultimately believed by the trier of fact, establishes a legitimate, non-discriminatory reason for its actions. "[O]nce the employer articulates such a reason, the presumption of unlawful discrimination disappears and the burden shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reasons was merely a pretext for unlawful discrimination."

Following *Desert Palace, Inc. v. Costa*, the Fifth Circuit adopted a modified *McDonnell Douglas* approach. Under this approach:

> [T]he plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, 'the plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative).'"

Despite this careful burden-shifting dance, the Fifth Circuit and Supreme Court have made it clear that the burden shifting procedure should *not* find its way into a jury charge.

While Title VII prohibits *discrimination* based on race, color, religion, sex, and national origin, Title VII also prohibits *harassment* based on these same factors. It is unlawful for an employer to create or allow a hostile work environment for an employee because of the employee's race, color, religion, gender (not to be confused with sex), or national origin. The Supreme Court cases discussed in section 11.4 are therefore applicable in most respects to other Title VII harassment cases. For example, in *National Railroad Passenger Corp. v. Morgan*, the Court noted that the standards for racial harassment claims are the same as those for sexual harassment claims. Thus, the harassment charges here mirror, in many ways, the sexual harassment charges above.

*Morgan* is the only Supreme Court case on the subject of racial harassment, and the issue presented there was not the existence of non-sexual harassment claims *vel non*, but rather, whether, and under what circumstances, a Title VII plaintiff could file suit on events that fall outside the statutory time period for filing a charge of discrimination (either 180 or 300 days). In addressing this primary question, the Court first noted the distinction between hostile environment harassment claims and those based on discrete acts of discrimination. Unlike the latter, harassment is generally based on the cumulative effect of individual acts that may occur over a series of days or perhaps years and a single act of harassment is often not actionable on its own. Accordingly, as to harassment claims, the Court held that, so long as any act contributing to the hostile work environment occurred within the statutory time period, the entire scope of a hostile work environment claim, including behavior alleged outside the

statutory time period, may be considered for purposes of assessing liability. The Court also noted, however, that application of equitable doctrines may either limit or toll the time period within which an employee must file a charge. Further, because the incidents comprising a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim—even though some acts occurred outside the statutory time period.

Court's Instruction No. ___
11.5.1

## 11.5.1 TITLE VII—DISCRIMINATION—DISPARATE TREATMENT—RACE/COLOR/RELIGION/GENDER/NATIONAL ORIGIN

### A. Committee Notes

This charge is for use in Title VII discrimination cases where the plaintiff alleges he or she was discriminated against because of a trait protected by Title VII (i.e., his or her race, color, religion, sex, or national origin). This charge can be used in total in cases where all facts are in dispute.

### B. Charge

1. Plaintiff claims [he/she] was discriminated against because of [his/her] [protected trait].

2. Defendant denies Plaintiff's claims and contends [Defendant's reasons].

3. It is unlawful for an employer to discriminate against an employee because of the employee's [protected trait].

4. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant [challenged employment action] Plaintiff because of [his/her] [protected trait].

5. Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant [challenged employment action] Plaintiff.

6. If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant [challenged employment action] Plaintiff because of [his/her] [protected trait].

## JURY QUESTIONS

### Question No. 1

Did Defendant [challenged employment action] Plaintiff because of Plaintiff's [protected trait]?

Answer "Yes" or "No."

_____

Court's Instruction No. ___
11.5.2

## 11.5.2 TITLE VII—DISCRIMINATION—NON-SEXUAL HARASSMENT—SUPERVISOR HARASSMENT WITHOUT TANGIBLE EMPLOYMENT ACTION (HOSTILE WORK ENVIRONMENT)

**A. Committee Notes**

This charge is for use in cases where the harassment is based on race, color, religion, gender, or national origin. This charge is designed for use in gender harassment cases where there are no sexually explicit overtones. The charge can be used in cases where a plaintiff seeks to impose vicarious liability on an employer for supervisor harassment where the agency relationship aided the supervisor in creating a hostile or abusive work environment, yet plaintiff did not experience a tangible employment action.

**B. Charge**

1. Plaintiff claims [he/she] was harassed by [his/her] supervisor because of Plaintiff's [protected trait] and that [his/her] employer, Defendant, is responsible for the harassing conduct.

2. Defendant denies Plaintiff's claims and contends that [Defendant's reasons].

3. It is unlawful for an employer to discriminate against an employee because of the employee's [protected trait]. This includes [protected trait] harassment.

4. For Defendant to be liable for [protected trait] harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

5. [Protected trait] harassment may include extremely insensitive conduct because of [protected trait]. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to [protected trait], and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct may be sufficiently extreme to alter the terms and conditions of employment.

6. In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

7. If you find Plaintiff was [protected trait] harassed, then you must find for Plaintiff unless Defendant proves by a preponderance of the evidence that (a) it exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. If Defendant proves (a) and (b), you must find for Defendant.

**JURY QUESTIONS**

**Question No. 1**

   Was Plaintiff harassed because of [his/her] [protected trait]?

   Answer "Yes" or "No."

   _____

   If you answered "Yes" to Question No. 1, then answer the following Question:

**Question No. 2**

   A. Did Defendant exercise reasonable care to prevent and promptly correct any [protected trait] harassing behavior? Answer "Yes" or "No." _____

   B. Did Plaintiff unreasonably fail to take advantage of any preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise? Answer "Yes" or "No." _____

Court's Instruction No. ___
11.5.3

### 11.5.3 TITLE VII—DISCRIMINATION— NON-SEXUAL HARASSMENT— CO-WORKER/DIRECT OR NON-DIRECT SUPERVISOR/THIRD-PARTY HARASSMENT (HOSTILE WORK ENVIRONMENT)

**A. Committee Notes**

This charge is for use in cases where the harassment is based on race, color, religion, gender, or national origin. This charge is designed for use in gender harassment cases where there are no sexually explicit overtones. This charge can be used in cases where a plaintiff seeks to impose liability on an employer based upon a negligence standard—that the employer knew, or in the exercise of reasonable care should have known, that plaintiff was being harassed because of his or her protected trait.

For these claims, employer liability "is direct liability for negligently allowing harassment, not vicarious liability for the harassing actions of employees." If the defendant knew or should have known of the harassment, then the defendant had a duty to take prompt remedial action designed to stop the harassment. This charge can be used when the alleged harasser was a co-worker, third party, or supervisor.

**B. Charge**

1. Plaintiff claims [he/she] was harassed by [his/her] supervisor because of Plaintiff's [protected trait] and that Plaintiff's employer, Defendant, is responsible for the harassing conduct.

2. Defendant denies Plaintiff's claims and contends that [Defendant's reasons].

3. It is unlawful for an employer to discriminate against an employee because of the employee's [protected trait]. This includes harassment based on a person's [protected trait].

4. For Defendant to be liable for [protected trait] harassment, the conduct must be sufficiently severe or pervasive to alter the terms or conditions of Plaintiff's employment and create a hostile or abusive work environment. To determine whether the conduct in this case rises to a level that alters the terms or conditions of Plaintiff's employment, you should consider all the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

5. Unlawful harassment may include extremely insensitive conduct because of [protected trait]. Simple teasing, offhand comments, sporadic use of offensive language, occasional [protected trait]-related jokes, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. Discriminatory intimidation, ridicule, or other verbal or physical conduct done because of Plaintiff's [protected trait] may be sufficiently extreme to alter the terms and conditions of employment.

6. In determining whether a hostile work environment existed, you must consider the evidence from both the Plaintiff's perspective and from the perspective of a reasonable person. First, Plaintiff must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person, nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff would find the conduct offensive.

7. In determining whether Defendant knew or should have known of the harassment, Plaintiff must prove that (a) the harassment was known or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or (b) the harassment was so

      open and obvious that Defendant should have known of it.
8. Prompt remedial action is conduct by the Defendant that is reasonably calculated to stop the harassment and remedy the situation. Whether Defendant's actions were prompt and remedial depends upon the particular facts, and you may look at, among other things, the effectiveness of any actions taken.

## JURY QUESTIONS

### Question No. 1

Was Plaintiff harassed because of [his/her] [protected trait]?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 1, then answer the following Question:

### Question No. 2

Did Defendant know, or in the exercise of reasonable care should Defendant have known, that Plaintiff was being harassed because of [his/her] [protected trait]?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, then answer the following Question:

### Question No. 3

Did Defendant fail to take prompt remedial action?

Answer "Yes" or "No."

_____